Hon. James W. Conboy Town Attorney, St. Johnsville
This is in response to your letter dated January 17, 1978, in which you asked for an opinion as to whether a Town Public Health Officer was required to be a "duly licensed medical doctor."
Public Health Law, § 320 (1), provides in part:
 "* * * each local board of health shall appoint a competent physician * * * to be the health officer of the municipality. Such health officer shall be a citizen and qualified as provided in the sanitary code."
The State Sanitary Code sets forth the basic qualifications for a Public Health Officer in 10 NYCRR 11.3. This requlation provides as follows:
 "All local health officers shall be physicians and shall be licensed or qualified to be licensed to practice medicine in New York State."
The use of the title "physician" is governed by section 6522 of the Education Law, which requires that: "Only a person licensed or otherwise authorized under this article shall practice medicine or use the title `physician.'"
In order to qualify for a license as a physician, one must fulfill the requirements of section 6524 of the Education Law, number (2) of which is that the applicant have a "degree of doctor of medicine, `M.D.,' or doctor of osteopathy, `D.O.,' or equivalent degree * * *".
Therefore, it is our opinion that a Town Public Health Officer must be a physician, either licensed by New York State or capable of qualifying for such a license.